**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARTINEZZ BOWMAN,

    Plaintiff,

v.   Case No. 3:22-cv-545-MMH-MCR

DAVID HARVEY and JAYME GOHDE,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration, Rehearing, Altering or Amending a Judgment (Doc. 117; Motion), filed April 25, 2024.[1] Citing both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (Rule(s)), Bowman seeks reconsideration of the Court's Order (Doc. 110; Dismissal Order) granting summary judgment in favor of Defendants Deputy David Harvey and Jayme Gohde. See Motion at 1. On May 9, 2024, Defendants filed a response in opposition to the Motion. See Defendants' Response in Opposition to Plaintiff's Motion for Reconsideration,

---

[1] The Court questions whether the Motion was timely filed under Rule 59(e). Despite this concern, and out of an abundance of caution, the Court will consider the merits of the Motion.

Rehearing, Altering or Amending a Judgment (Doc. 118). Accordingly, this matter is ripe for review.

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e).[2] Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[ ]discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of

---

[2] The Rules do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). It is widely recognized, however, that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration. See Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)).

In his Motion, Bowman cites both Rule 59(e) and Rule 60(b) as the basis for the relief he seeks. See Motion at 1. Upon review of the Motion, it appears that Bowman seeks reconsideration of the merits of the dispute addressed in the Dismissal Order, consistent with the purposes of Rule 59(e). See Shaarbay v. Florida, 269 F. App'x 866, 867 (11th Cir. 2008) (citing Wright v. Preferred Research, Inc., 891 F.2d 886, 889 (11th Cir. 1990)). Indeed, "[a] motion requesting the setting aside of summary judgment and a trial on the merits of the case is best characterized as a Rule 59(e) motion." Rance v. D.R. Horton, Inc., 316 F. App'x 860, 863 (11th Cir. 2008) (citing Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)). Accordingly, the Motion is properly construed as falling under Rule 59(e). However, even if the Court were to consider the Motion under Rule 60(b), doing so would not produce a different result. "A 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." Holland v. Tucker, No. 06-CIV-20182, 2012 WL 2412115, at *2 n.1 (S.D. Fla. June 26, 2012) (quoting Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001)). Therefore, if Bowman is not entitled to relief under Rule 59(e), he also is not entitled to relief under Rule 60(b), and the Court need not address his arguments under Rule 60(b) separately.

new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." O'Neill v. Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. See Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047. Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69; Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law."). Accordingly, the Eleventh Circuit Court of Appeals has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to

articulate any reason for the failure to raise the issue at an earlier stage of the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Moreover, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

In the Motion, Bowman does not undertake a serious effort to show that reconsideration of the Dismissal Order is warranted. Indeed, Bowman does not even attempt to argue that there has been an intervening change in the law; that new evidence has become readily available; or that there is a need to correct clear error or prevent a manifest injustice. See City of Lakeland, 189 F.R.D. at 489. Instead, he seeks to relitigate issues already decided by the Court, see Motion at 11, 13, attempts to raise new arguments not previously presented at summary judgment, see id. at 17, 21, and presents new and novel legal theories wholly unrelated to the relevant dispute in this case, see id. at 4, 18. This is insufficient to satisfy the requirements of Rule 59(e).

Accordingly, it is

**ORDERED:**

Plaintiff's Motion for Reconsideration, Rehearing, Altering or Amending a Judgment (Doc. 117) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of September, 2024.

*[signature]*

**MARCIA MORALES HOWARD**
United States District Judge

Lc32

Copies to:
Counsel of Record